CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2018 JUN -4 PM 3: 30

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| O.C. HILL. Jr., <br> (TDCJ No. 01959540) <br>       Plaintiff, <br><br> v. <br><br> LLOYD FAGAN, *et al.*, <br><br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br> CIVIL ACTION NO. <br> 1:16-CV-185-BL <br><br><br><br> Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case was reassigned to the United States Magistrate Judge under Second Amended Special Order No. 3-301. Although Plaintiff was informed of the right to consent to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c), he has chosen to not consent, and therefore the undersigned magistrate judge enters this report and recommendation under the authority of 28 U.S.C. 636(b). Based on the relevant filings and applicable law, all claims stated in the complaint, as supplemented by the more definite statement, should be **DISMISSED.** After entry of this report and recommendation, the case should be reassigned to Senior United States District Judge Sam R. Cummings.

## I. BACKGROUND/FACTS

Plaintiff O.C. Hill, Jr., acting *pro se*, filed a form civil rights complaint. (Doc. 1.) In the complaint, Hill named as defendants Lloyd Fagan, a Cisco, Texas police officer; Russell D. Thomason, District Attorney, Eastland County, Texas; and attorney Gary Don Peak. Complaint Style, at 3 (doc. 1). In response to the Court's order for Hill to answer specific questions about the allegations in the complaint, he filed a more definite statement (MDS). (Doc. 10.) In the complaint, Hill alleges that on May 20, 2014, Officer Fagan arrested him on a charge of Felony Family

Violence, and while doing so "yanked by handcuffs throwing me to the ground and slamming my face causing injury." (Doc. 1, at 4.) Hill alleges that Thomason indicted him on June 30, 2014 with perjured testimony and false evidence. *Id.* He also alleges that his attorney Peak met with the prosecution team, "and in collusion" ignored his plea of innocence, and advised him to plead guilty to the family violence charge. *Id.*

In the more definite statement, Hill alleges the force used by Officer Fagan was excessive in violation of the fourth Amendment, and alleges he suffered injuries to his wrist and face. MDS at 1 (doc. 10). He also alleges that Officer Fagan falsely arrested him on May 20, but that he was then charged, on May 21, 2014, with assault on a family member in violation of Texas Penal Code § 22.01(a)(1) and (b)(2)(B). *Id.* at 2. The charge was filed as cause number 23532 in the 91st District Court of Eastland County, Texas. *Id* at 3. Hill also contends that Officer Fagan violated his right to due process of law in violation of the Fourteenth Amendment. *Id.*

Hill alleges that Thomason agreed to dismiss the family violence charge after consultation with his attorney Peak, and in exchange for his plea to another cause number 22825. *Id.* Hill contends that Thomason provided perjured testimony during the grand jury proceedings, in violation of his right to due process of law. *Id.* He also alleges that although attorney Peak did file a motion to suppress, before that motion was heard, Peak advised him to plead guilty. *Id.* at 4. Hill then alleges that on October 15, 2014, counsel Peak met with Thomason and with then visiting judge Elisabeth Berry to discuss possible plea bargain offers, after which Peak informed him of the verbal exchanges with Thomason and Berry, and convinced him to enter a plea. *Id.* at 3-4. He alleges that Peak also violated his right to due process of law and provided ineffective assistance of counsel under the Sixth Amendment. *Id.* at 4.

2

Other than reciting a request to have a trial, Hill seeks compensatory monetary damages from each defendant of "$75,000 seventy five thousand" as the only relief. Complaint at 4 (doc. 1); MDS at 4 (doc. 10.)

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

3

## III. ANALYSIS

**(A).     Claims against Defendant Lloyd Fagan Partially Barred by Statute of Limitations**

The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit. *See Wilson v. Garcia*, 471 U.S. 261, 273-76 (1985) (holding that state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983). In Texas, the applicable limitations period is two years. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* Tex. Civ. Prac. & Rem. Code 16.003(a) (West 2017) (Texas's two-year, personal-injury limitations statute). A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore*, 30 F.3d at 620 (citing *Gartrell V. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993)).

Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action. *See Harris,* 198 F.3d. at 157 (citing *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)). With regard to Plaintiff Hill's claims that Lloyd Fagan used excessive force during his May 20, 2014 arrest of Hill in violation of the Fourth Amendment, the Court sees no reason that Hill did not know of the basis for this claim at the time the alleged events took place in May 2014. *See Armstrong v. Serpas*, CA No. 15-808, 2015 WL 5061284, at *3 (E.D. La. Aug. 26, 2015) ("Because a cause of action under § 1983 accrues at the time when the plaintiff knows of the injury which serves as the basis of his action, in § 1983 claims based on the use of excessive force during an arrest, the limitations period begins to run on the date the of [sic] the plaintiff's arrest")

(citations omitted).

Plaintiff's original complaint in this action was received and file-stamped on October 17, 2016, but Plaintiff signed the pleading and indicated he placed it in the prison mail system on October 10, 2016. (Doc. 1, at 5.) A plaintiff's complaint is considered filed under the mailbox rule as of the time he placed it in the prison mail system for mailing. *See Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995). That date in this case was October 10, 2016. As noted above, the Court sees no reason to believe that Hill did not know or have reason to know of the events giving rise to his excessive force claim asserted in this suit as they were taking place in May 2014. As this suit was filed in October 2016, several months past two-years from the date of the alleged use of excessive force against Fagan, such claim in this suit is filed too late. The applicable two-year statute of limitations already had expired long before the time Hill filed suit. As Hill's Fourth Amendment claim against Fagan is barred by the applicable statute of limitations, that claim must be dismissed.

**(B) .   No Physical Injury as to Remaining Due Process Claims Against Officer Fagan**

As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.A. § 1997e(e)(West Supp. 2017). Although Plaintiff Hill asserted a physical injury with regard to his Fourth Amendment claim against Officer Fagan as discussed above, Hill did not claim any physical injury as a result of his due process of law claim against Officer Fagan.

Although long recognized as applying to claims under the Eighth Amendment,[1] the United

---

[1] *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001).

States Court of Appeals for the Fifth Circuit held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jones*, 404 F.3d 371, 375 (5th Cir. 2005) (citations and quotations omitted). More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions,*" and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury preclude his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original). Other courts have held that an inmate's claims for compensatory damages for violation of the Fourteenth Amendment, without showing physical injury, are barred by § 1997e(e). *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014); *Allen v. Holden*, No. 10-0753-JJB-DLD, 2012 WL 3902401, at *5 (M.D. La. Aug. 15, 2012), *rep. and rec. adopted*, 2012 WL 3901954 (Sep. 7, 2012); *Rogers v. Newman*, No. 5:04-CV-193DCB-JCS, 2006 WL 1520298, at *1 (S.D. Miss. April 7, 2006). Applying these referenced holdings to the instant case, as to Hill's claims against Officer Fagan that he was subject to a violation of his right to due process of law, a failure to allege physical injury bars his claims for compensatory damages.[2] As Plaintiff does not allege a physical injury arising from his claims of a Fourteenth Amendment

---

[2] Other than seeking a trial, Plaintiff sought only monetary compensatory damages in the complaint. Complaint 4 (doc. 1). In response to the Court's question in the order for more definite statement regarding whether Hill sought to seek any other forms of relief, Hill answered N/A. Order at 4 (doc. 9); MDS 4 (doc. 10).

violation of due process of law, he is not entitled to compensatory damages arising from such claim against Officer Fagan. Hill's remaining claims against Officer Fagan must be dismissed.[3]

**(C).   Claims against Thomason Barred by Absolute Immunity**

Plaintiff asserts claims against District Attorney Russell D. Thomason arising from his prosecution of Hill in cause number 23532 for the assault of a household member in violation of Texas Penal Code § 22.01(a)(1), and Hill's ultimate entry of a guilty plea to separate cause number 22825 for fraud in violation of Texas Health and Safety Code § 481.129(a). Complaint at 3 (doc. 1); MDS at 3 (doc. 10). But prosecutor Thomason is entitled to absolute immunity for the claims for monetary damages asserted by Hill. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State." *Imbler*, 424 U.S. at 431 n. 33. Here, even assuming Plaintiff's allegations against Russell Thomason are true, Thomason would have taken such action in his role as a prosecutor on behalf of the State of Texas. Thus, defendant Thomason is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims must be dismissed.

**(D).   Claims against Gary Don Peak Barred as not Under Color of Law**

In order to assert a claim for damages for violation of federal constitutional rights under 42

---

[3] For the same reasons enunciated in this section, Plaintiff Hill's claims for compensatory damages against defendants Russell D. Thomason and Gary Don Peak are also barred under § 1997e(e). With regard to each of these defendants, however, Hill's claims against them must be dismissed for more fundamental reasons. *See* text *infra*.

U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir.1993). As to Hill's allegations against his attorney Gary Don Peak, Hill has failed to satisfy the second element. Hill has failed to show that Gary Peak, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state. *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993). Furthermore, Plaintiff has made no allegation that attorney Peak was acting on behalf of the government. Peak cannot show that his attorney was acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against defendant Peak must be dismissed.

## IV. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that all Plaintiff O.C. Hill, Jr.'s claims should be **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b)(1) and (2) and § 1915(e)(2)(B)(i),(ii), and (iii).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

Signed June 4, 2018.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE